**UNITED STATES of America, Plaintiff,**

v.

**Juan VASQUEZ–CAMARENA,
Defendant.**

**Civil No. 97–996–FR.
Criminal No. 95–410–2–FR.**

United States District Court,
D. Oregon.

Sept. 15, 1997.

Kristine Olson, United States Attorney, John C. Laing, Special Assistant United States Attorney, Portland, OR, for Plaintiff.

Juan Vasquez–Camarena, Eden Detention Center, Eden, TX, pro se.

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the motion of the defendant, Juan Vasquez–Camarena, under 28 U.S.C. § 2255, to vacate, set aside or correct the sentence imposed by this court (# 78).

## BACKGROUND

On April 2, 1996, the court sentenced the defendant, Juan Vasquez–Camarena, to a term of imprisonment of 46 months and a supervised release term of five years for the crime of distribution of controlled substances.

On June 30, 1997, Vasquez–Camarena filed a motion under 28 U.S.C. § 2255 asking the court to vacate, set aside or correct his sentence because his counsel failed to inform him that he would be entitled to an additional two-level reduction in the offense level if he agreed to waive his substantial rights in deportation proceedings pursuant to 8 U.S.C. § 1251(a).

The government opposes the motion of Vasquez–Camarena on the grounds that there is no two-level reduction in the offense level available for the agreement of a defendant to be voluntarily and immediately deported under 28 U.S.C. § 2255.

## APPLICABLE LAW

28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move

the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the:

> motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner.

*United States v. Taylor,* 648 F.2d 565, 573 (9th Cir.), *cert. denied,* 454 U.S. 866, 102 S.Ct. 329, 70 L.Ed.2d 168 (1981) (internal quotations, citations and footnote omitted).

### RULING

■ There is no provision in the United States Sentencing Guidelines which provides a reduction of the offense level for a defendant who does not contest deportation.

The motion of the defendant, Juan Vasquez–Camarena, under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed by this court (# 78) is DENIED.

IT IS SO ORDERED.